Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2 C 7380 | **DATE** | 9/2/2003 |
| **CASE TITLE** | Ellis Corporation vs. Jensen USA, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, the defendant's motion to transfer pursuant to 28 U.S.C. Section 1404 [9-1] is granted. The defendant's alternative motion for an extension of time to file a responsive pleading [9-2] is denied as moot. Any and all other pending motions are denied as moot. The Clerk is ordered to transfer this case to the United States District Court for the Western District of North Carolina.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | SEP 0 9 2003 | |
| | Notified counsel by telephone. | | date docketed | 14 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | |
| | | 03 SEP -8 AM 10:23 | date mailed notice | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELLIS CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) No. 02 C 7380 | |
| | ) | |
| v. | ) Wayne R. Andersen | |
| | ) District Judge | |
| JENSEN USA, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of defendant Jensen USA, Inc. to transfer this case to the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1404(a). For the following reasons, the motion to transfer is granted.

## BACKGROUND

This suit is the third in a series of civil actions between plaintiff Ellis Corporation ("Ellis") and defendant Jensen USA, Incorporated ("Jensen"). Ellis is a corporation organized under the laws of the State of Illinois and it maintains its headquarters and principal place of business in Itasca, Illinois. Jensen is a corporation organized under the laws of the State of North Carolina and it maintains its headquarters and principal place of business in the Charlotte, North Carolina metropolitan area.

In June 1999, Jensen determined that Ellis was making and selling a line of washer-extractors that allegedly infringed patents owned by Jensen – U.S. Patent No. 5,357,771 and U.S. Patent No. 5,421,049. Upon discovering this information, Jensen filed a patent infringement action in North Carolina against Ellis in August of 1999. After considerable discovery, the

14

parties agreed to a settlement and stipulated to the dismissal of the action. The settlement agreement is required to be construed, interpreted and applied in accordance with the laws of the State of North Carolina.

In the summer of 2002, Jensen learned that Ellis was allegedly advertising and offering for sale a laundry machine that continued to infringe Jensen's patents. On September 13, 2002, Jensen filed a second action in the Western District of North Carolina against Ellis alleging, *inter alia*, infringement of its patents and breach of the settlement agreement. In related transactions, Ellis' attorney sent a letter to Jensen's counsel on July 23, 2002 accusing Jensen of infringing claims of U.S. Patent Application No. 09/597,443, which eventually issued as Ellis' U.S. Patent No. 6,463,768. The letter threatened legal action if Jensen did not stop producing the allegedly infringing products. The Ellis patent issued on October 15, 2002 and, on that same day, Ellis filed the instant infringement action in this Court. Jensen subsequently amended the North Carolina complaint to include a claim for declaratory judgment of patent invalidity and non-infringement.

## DISCUSSION

A motion to transfer is governed by 28 U.S.C. § 1404(a). Under Section 1404(a), a federal district court may "for the convenience of the parties and witnesses and in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). A Section 1404(a) transfer is appropriate only when "(1) venue was proper in the transferor district; (2) venue and jurisdiction would be proper in the transferee district; and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of

justice." *United Air Lines, Inc. v. Mesa Airlines, Inc.*, 8 F. Supp. 2d 796, 798 (N.D. Ill. 1998). Because determining whether transfer is appropriate "involves a large degree of subtlety and latitude," and is made on a case-by-case basis, it is therefore "committed to the sound discretion of the trial judge." *Coffey*, 796 F.2d at 219; *see also ISI, Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 553-554 (7th Cir. 2001); *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 959 (N.D. Ill. 2000). The defendant, as the moving party, must demonstrate that transfer will promote the efficient administration of justice. *See Coffey*, 796 F.2d at 219-20.

In making a transfer determination, the Court must consider both the private interest of the parties and the public interests of the Court. *Medi USA v. Jobst Inst., Inc.*, 791 F. Supp. 208, 210 (N.D. Ill. 1992). Factors for the Court to consider in assessing private interests include: (1) plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease and access to sources of proof; (4) the convenience of the parties; and (5) the convenience of the witnesses. *Amoco Oil*, 90 F. Supp. 2d at 960. Public interest or interests of justice factors "relate to the court's familiarity with the applicable law, the speed at which the case will proceed to trial, and the desirability of resolving controversies in their locale." *Von Holdt v. Husky Injecting Molding Sys, Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995). These interests of justice "may be determinative in a particular case, even if the parties and witnesses might call for a different result." *Coffey*, 796 F.2d at 220.

I. **Venue in the Transferor and Transferee Districts**

The first and second prongs of the Section 1404(a) test require this Court to consider both whether venue was proper in the transferor district and whether venue and jurisdiction would be proper in the transferee district. Venue in patent infringement actions is controlled by 28 U.S.C.

§ 1400(b), which provides that "any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). Jensen, the defendant in this case, resides within the Western District of North Carolina pursuant to the domicile provisions of 28 U.S.C. § 1391(b) and (c). Because venue is proper in both this district, and, pursuant to 28 U.S.C. § 1400(b), in the Western District of North Carolina, the only issues that remain to be decided pertain to the convenience of the parties and witnesses, as well as the interests of justice.

## II. Convenience of Parties and Witnesses and Interests of Justice

### A. Private Factors

The plaintiff's choice of forum usually deserves considerable weight, especially when it is plaintiff's home forum. *Energaire Corp. v. E.S. Originals, Inc.*, 1999 WL 1018039, at *2 (N.D. Ill. Nov. 2, 1999). Plaintiff's choice of forum becomes less important, however, when it has "relatively weak connections with the operative facts giving rise to the claim." *Von Holdt*, 887 F. Supp. at 188. Although the sale of infringing products in this district is certainly significant, the accused products are sold nationwide. Thus, the alleged infringement is presumably occurring in several, if not all, the districts across the country. Therefore, the connection to this district is not very strong, aside from it being Ellis' home forum, and the plaintiff's choice of forum in this case should not be accorded significant weight. *See Berol Corp. v. BIC Corp. and BIC U.S.A., Inc.*, 2002 WL 1466829, at *4 (N.D. Ill. July 8, 2002).

The same logic applies to the "situs of material events" prong. The Federal Circuit dictates that "the situs of injury is the location, or locations, at which the infringing activity

4

directly impacts on the interests of the patentee." *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1571 (Fed. Cir. 1994). In order to apply this test, courts have often focused on the location of the allegedly infringing sales, or the alleged infringer's place of business. *See, e.g., Berol*, 2002 WL 1466829, at *4; *Energaire*, 1999 WL 1018039, at *2; *H.B. Sherman Mfg. Co. v. Rain Bird Nat'l Sales Corp.*, 979 F. Supp. 627, 630 (N.D. Ill. 1997); *SRAM Corp. v. Sunrace Roots Enter. Co., Ltd.*, 953 F. Supp. 257, 259 (N.D. Ill. 1997). Again, the allegedly infringing sales have occurred across the country, rather than exclusively in the Northern District of Illinois, and the alleged infringer's places of business in not located in Illinois. In fact, the defendant's principal place of business is in Fort Mill, South Carolina, which Jensen describes as being within the Charlotte, North Carolina metropolitan area. Accordingly, the situs of material events prong favors transfer to the Western District of North Carolina.

The "ease of access to sources of proof" prong further supports transfer. This Court has observed that patent infringement suits usually focus on the activities of the alleged infringer, its employees, and its documents rather than upon those of the plaintiff. *See Energaire*, 1999 WL 1018039, at *3; *Wen Prods., Inc. v. Master Leather, Inc.*, 899 F. Supp. 384, 385 (N.D. Ill. 1995). Defendant's South Carolina headquarters, which house most of the documents, employees, and activities relating to the accused products, are obviously closer to Charlotte, North Carolina than to Chicago, Illinois. Thus, ease of access to sources of proof would be better achieved by moving this case to North Carolina rather than keeping it in Illinois.

Finally, we will briefly address the "convenience of the parties" prong. In terms of transporting witnesses, documents, and employees, this forum is obviously more convenient for Ellis, while North Carolina is more convenient for Jensen. In addition to the fact that most of the

focus will be on defendant's activities, documents, and staff, the presence of related litigation (Jensen's September 13, 2002 patent infringement action) in the Western District of North Carolina weighs heavily in favor of transfer. Because the plaintiff will have to travel to Charlotte to litigate a similar matter involving the same parties anyway, convenience supports transfer.

### B. Public Factors

The interests of justice components of the Section 1404(a) analysis concerns the "efficient administration of the court system." *Coffey*, 796 F.2d at 221. This consideration embraces "traditional notions of judicial economy, rather than the private interests of the litigants and their witnesses." *TIG Ins. Co. v. Brightly Galvanized Products, Inc.*, 911 F. Supp. 344, 346 (N.D. Ill. 1996). Certain public interest factors that may warrant transfer include: (1) the relation of the communities to the issue of the litigation and the desirability of resolving controversies in their locale; (2) the Court's familiarity with applicable law; and (3) the congestion of the respective court dockets and the prospects for earlier trial. *Berol Corp.*, 2002 WL 1466829, at *5.

While these factors are important, larger principles of judicial economy militate in favor of transferring this case to North Carolina. Transferring a lawsuit to a venue in which related litigation is pending generally serves the efficient administration of justice. When pending litigation involves the same parties and similar legal, technical and infringement issues, transfer to that venue is logical and strongly favored. *See id.* at *5, n. 5; *Magnavox Co. v. APF Electronics, Inc.*, 496 F. Supp. 29 (N.D. Ill. 1980). As has already been mentioned, two cases between the same parties and involving the same issues and patents have been filed in the potential transferee district. One of those cases settled before a full adjudication on the merits,

6

but the other was filed at least a month before this case was filed and it is still pending. Because of this history, it is likely the North Carolina court is more familiar with the parties and the salient issues of the case than we are. Therefore, principles of judicial economy dictate that this case be transferred to the Western District of North Carolina.

With respect to the public "community interest" factor, Ellis argues that Illinois has an interest in redressing patent infringement that allegedly occurred within its borders. This is certainly true. Because the accused products are sold nationwide, however, the alleged infringement presumably occurred in many states that equally have an interest in redressing the alleged infringement. Further, the "administration of justice is served more efficiently when the action is brought before a court that is 'closer to the action.'" *Paul v. Land's End, Inc.*, 742 F. Supp. 512, 514 (N.D. Ill. 1990). Once again, the "action" is usually associated with the defendant's activities, which in this case are concentrated in the suburbs of Charlotte, North Carolina. These factors combine to favor transfer to North Carolina.

Finally, the Court finds that the last two public interest factors have little significance to our decision in this case. There is no doubt that both this Court and the Western District of North Carolina are equally suited to resolve patent infringement cases. *See* 28 U.S.C. § 1400(b). With respect to any state law claims that Ellis may bring, we are confident that the court in North Carolina will be able to properly apply the principles of Illinois law. Further, available statistics suggest that the median time from the filing of a complaint to trial in a civil action has been less in the Western District of North Carolina than in this district.

7

Therefore, because private and public interests weigh in favor of transfer, the third and last of the Section 1404(a) considerations has been fulfilled. Transfer to the Western District of North Carolina is proper.

## CONCLUSION

For the foregoing reasons, the defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a) [Docket No. 9-1] is granted. The defendant's alternative motion for an extension of time to file a responsive pleading [Docket No. 9-2] is denied as moot. Any and all other pending motions are denied as moot. The Clerk is ordered to transfer this case to the United States District Court for the Western District of North Carolina.

It is so ordered.

Wayne R. Andersen
United States District Court

Dated: September 2, 2003